IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DURABLE SPECIALTIES, INC.**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:11-CV-739-L** |
| § | |
| **LIBERTY INSURANCE CORPORATION,** § | |
| **and SARA PENROD,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

The court administratively closed this action on July 11, 2011. The order allowed the parties, or the court *sua sponte*, to initiate further proceeding if such proceedings became "necessary or desirable." When a case is administratively closed, a motion to reopen should be filed; however, Durable Specialties, Inc. ("Durable") filed Plaintiff's Motion For Remand and Costs on August 10, 2011, but no motion to reopen. For the court to consider the motion, it must reopen the case. Requiring Durable to file a motion to reopen the case, however, creates an unnecessary procedural delay in ruling on the pending motion. Accordingly, the court, consistent with its order of July 11, 2011, *sua sponte* **reopens** this action and **directs** the clerk of court to reinstate this action on the clerk's docket. Further, the court, having carefully considered the motion, brief, appendices, record, and applicable law, **grants** Plaintiff's Motion to Remand but **denies** Plaintiff's request for costs and attorney's fees.

**Memorandum Opinion and Order - Page 1**

**II.     Background**

Durable originally filed this action against Sara Penrod ("Penrod") and Liberty Mutual Insurance Company[1] ("Liberty") in the 101st Judicial District Court, Dallas County, Texas, on March 10, 2011.

Durable asserts a claim for breach of contract against Liberty, claims for violations of Chapter 541 of the Texas Insurance Code against both Defendants, and a claim for violation of Chapter 542 of the Texas Insurance Code against Liberty. Liberty removed the action to federal court on April 11, 2011, contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Liberty also contends that the citizenship of Penrod must be disregarded because she was improperly joined.

**III.    Improper Joinder Standard**

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 572. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Liberty must establish that Penrod was joined by Durable to defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity

---

[1] The correct name of this defendant is Liberty Insurance Corporation and was the name used in the notice of removal. As Durable has lodged no objection, the court determines that Liberty Insurance Corporation is the proper defendant in this action.

**Memorandum Opinion and Order - Page 2**

of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Liberty must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Liberty does not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

**Memorandum Opinion and Order - Page 3**

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of his claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."

**Memorandum Opinion and Order - Page 4**

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**IV.    Analysis**

  **A.    Contentions of the Parties**

  Durable contends that Penrod was not improperly joined and that it has pleaded sufficient allegations that she violated sections 541.060 and 541.061 of the Texas Insurance Code. For this reason, Durable contends that Liberty failed to meet its burden and show that there is no reasonable basis for this court to predict that Durable might not be able to recover on its claims against Penrod.

  Liberty disagrees. First, it contends that the remand motion is null and void because this action has been abated. This contention is based on Liberty's assertion that Durable failed to provide it with presuit notice of its claims in accordance with section 541.154 of the Texas Insurance Code, which requires that a suit be abated for sixty days after presuit notice is provided.[2] Second, Liberty contends that Penrod, the in-state defendant, was improperly joined to defeat diversity jurisdiction and that Durable has failed to plead sufficient facts to provide the court with a

---

[2]The court finds this argument without merit. The sixty-day period of abatement has now expired and is no longer relevant. Although at the time Durable filed the remand motion the sixty-day period had not expired, the court has waited more than sixty-days and took no action to avoid any problem with the abatement. Notice was provided by Durable, and the sixty-day period has passed. To require Durable to refile its motion to remand would unnecessarily delay resolution of the motion and cause all parties to incur additional and unnecessary costs. Accordingly, the court treats the motion to remand as having been filed after the sixty-day period.

**Memorandum Opinion and Order - Page 5**

reasonable basis for predicting that Durable could recover against Penrod on the state claims made under the Texas Insurance Code.

### B.     Plaintiff's Pleadings Relating to Penrod

Whether this case should be remanded turns on the sufficiency of the allegations set forth in Plaintiff's Original Petition (the "Petition"). Accordingly, the court begins its analysis with a review of the relevant allegations set forth against Penrod in the Petition. The Petition sets forth the following allegations regarding Penrod:

### STATEMENT OF FACTS

> Durable purchased a commercial property insurance policy from Liberty. Thereafter, Durable sustained covered losses and submitted claims to Liberty.
>
> Penrod handled the adjustment and investigation of Durable's claims. Thereafter, Penrod failed to investigate properly Durable's claims and refused to pay covered claims. Penrod likewise delayed payment on Durable's claims.
>
> Durable made demand on Liberty and Penrod to pay, but Liberty failed to pay. Durable provided Liberty with presuit notice under the Texas Insurance Code and Texas Deceptive Trade Practices Act.

Pl.'s Original Pet. 2, § IV.

### VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 541 (BOTH DEFENDANTS)

> The conduct of Penrod and Liberty, as described above, constitutes violations of TEX. INS. CODE ANN., § 541.060 and § 541.061, including, but not limited to, the following:
>
> a.   Misrepresenting a material fact or policy provision relating to the coverage at issue (Penrod);
> b.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Durable's claims where liability has become reasonably clear (both Defendants);

      c.      Refusing to pay Durable's claims without conducting a reasonable investigation (Penrod);

      d.      Making an untrue statement of material fact (both Defendants);

      e.      Leaving out a material fact, which makes other statements misleading (both Defendants);

      f.      Making a statement in a way that would lead a reasonably prudent person to a false conclusion of material fact (both Defendants);

      g.      Failing to promptly give Durable a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the denial and/or delay of the claim or for the offer of a compromise settlement claim (Liberty); and

      h.      Representing that the insurance policy confers or involves rights, remedies, or obligations which it does not have or involve, or which is prohibited by law (Liberty).

Pursuant to TEX. INS. CODE ANN., Chap. 541, the above-described acts were [the] producing cause of the actual damages suffered by Durable. In addition, Defendants acted knowingly and/or intentionally in violation of TEX. INS. CODE ANN., Chap[.] 541, thereby allowing Durable to recover additional damages.

Pl.'s Original Pet. 3-4, § VI.

Admittedly, whether Durable has adequately set forth allegations for violation of the Texas Insurance Code is a close call. Critical to resolving the issue of the adequacy of the pleading is a determination as to whether the state or federal standard for pleading applies.

### C. Pleading Standards - State and Federal

#### 1. State Requirements for Civil Pleadings

The state standard is more relaxed than the federal standard. Texas courts are not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas law, the pleading standard is one of "fair notice," "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and

**Memorandum Opinion and Order - Page 7**

what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. — Fort Worth 2004, *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007)).  A state court petition is to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action from what is stated in the petition, even if the pleading party fails to allege specifically one of the elements of a claim. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

### 2. Federal Requirements for Civil Pleadings

As previously stated, the federal standard is more stringent than the Texas pleading standard with respect to the sufficiency of the allegations to state a claim or cause of action.  To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

**Memorandum Opinion and Order - Page 8**

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**Memorandum Opinion and Order - Page 9**

### D.      Applicability of Texas Pleading Standard

The parties disagree as to whether the state or federal pleading standard should apply. Durable urges the court to apply the Texas standard. Liberty urges the court to apply the federal pleading standard for cases removed from state to federal court. In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005). Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical. When a party files suit in a Texas court, such party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that a pleader in state court should be so hapless that he or she is put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern. For these reasons, the court applies the Texas "fair notice" standard to the allegations of the Petition.

### E.      Whether Plaintiff's Pleadings Are Sufficient

The court acknowledges that Plaintiff's pleadings are minimal. A better characterization of the pleadings is "bare-bones," and the allegations in the Petition are not a model of pellucid draftsmanship. Texas courts, however, do not require much as to the sufficiency of pleadings. This court cannot conclude that the allegations against Penrod fall short of the "fair notice" standard that governs in the Texas court system. The allegations, taken as a whole, provide sufficient information from which one could reasonably infer a cause of action against Penrod under sections 541.060 and

**Memorandum Opinion and Order - Page 10**

541.061 of the Texas Insurance Code. Accordingly, the court cannot find that there is no reasonable possibility of recovery by Durable against Penrod in state court, and the court therefore has no basis to conclude that Penrod was improperly joined. As Penrod and Durable are citizens of Texas, diversity of citizenship does not exist.

## V.      Attorney's Fees Standard for Remand

Durable seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

As the court previously stated, this case presents a close question. Liberty has cited some cases that are contrary to this court's holding. Under these circumstances, the court cannot say that objectively reasonable grounds did not exist for removal. Although the *De La Hoya* case applied the Texas "fair notice" standard, it is unpublished and not necessarily the final word from the Fifth

Circuit. Considering the different authority on this issue, the court concludes that Liberty had objectively reasonable grounds to believe that removal was legally proper. Accordingly, the court will deny Durable's request for attorney's fees and costs.

## VI. Conclusion

For the reasons herein stated, Liberty failed to carry its burden and show that Penrod was improperly joined. As Penrod is a Texas citizen and Durable is a Texas citizen, diversity of citizenship does not exist. Accordingly, this court lacks subject matter jurisdiction to entertain this action, and the court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the 101st Judicial District Court, Dallas County, Texas. The clerk of the court shall effect this remand in accordance with the usual procedure. The court **denies** Durable's request for attorney's fees and costs.

**It is so ordered** this 30th day of December, 2011.

Sam A. Lindsay
United States District Judge